UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY A DeBORDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   No. 1:12-cv-00500-SEB-DML |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation on
## Plaintiff's Complaint for Judicial Review

The Honorable Sarah Evans Barker designated this magistrate judge, as provided by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72, to issue a report and recommendation on the complaint by plaintiff Gregory A. DeBorde seeking judicial review of a decision of the Commissioner of the Social Security Administration that Mr. DeBorde was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

### Introduction

Plaintiff Gregory A. DeBorde applied for DIB in May 2009, alleging that he has been disabled since October 27, 2008. Acting for the Commissioner of the Social Security Administration following a hearing on November 10, 2010, an administrative law judge ("ALJ") found that Mr. DeBorde was not disabled because his residual functional capacity was consistent with the demands of his past relevant work as a material handler. The national Appeals Council denied review

of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Mr. DeBorde filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Mr. DeBorde contends that the ALJ's determination of his residual functional capacity is not supported by substantial evidence because the ALJ failed properly to incorporate functional limitations tied to Mr. DeBorde's moderate difficulties in sustaining concentration, persistence, or pace. For the following reasons, the magistrate judge recommends that the district judge AFFIRM the Commissioner's decision.

## Standard for Proving Disability

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant's impairments must be of such severity that he is not able to perform the work he previously engaged in, or, based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five.

RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can

perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

Mr. DeBorde was born in 1967, and was 43 years old at the time of the ALJ's decision. At step one, the ALJ determined that Mr. DeBorde had not engaged in substantial gainful activity since October 27, 2008, his alleged onset date of

disability and the date he was laid off from his job because of economic reasons. (R. 12). At step two, the ALJ identified bipolar disorder as a severe impairment (*id.*), and decided at step three that no listing was met. (R. 13). The ALJ next determined Mr. DeBorde's RFC, and decided that he can "perform a full range of work at all exertional levels" but that certain nonexertional limitations must be accommodated. The ALJ determined that "the claimant needs a break approximately every two hours, and can perform jobs where contact with the public is routine and superficial but incidental to the work performed." (R. 15). In his hypothetical to the vocational expert, the ALJ also limited Mr. DeBorde to "work environments that are not highly competitive." (R. 69).

With this RFC and based on the VE's opinion, the ALJ determined that Mr. DeBorde was capable of performing his past relevant work as a material handler, both as Mr. DeBorde had performed it and as the job is generally performed in the national economy. Thus, at step four, the ALJ determined that Mr. DeBorde was not disabled, and he did not reach step five.

## II. The limitations in the RFC and hypothetical to the VE are supported by substantial evidence.

Mr. DeBorde contends that the Commissioner's decision violates the *O'Connor-Spinner* line of cases. (Dkt. 17 at pp. 4-5).[1] In *O'Connor-Spinner v.*

---

[1] Mr. DeBorde also states that the ALJ promised to hold open the record for two weeks following the hearing to allow Mr. DeBorde to submit additional evidence, yet he issued his decision less than two weeks after the hearing. Mr. DeBorde has not, however, identified any evidence that he would have provided to the ALJ had the decision come later, nor has he attempted to demonstrate that a remand is appropriate to consider any new evidence.

5

*Astrue,* 627 F.3d 614 (7th Cir. 2010), the Seventh Circuit determined that the ALJ erred in relying on jobs information provided by a vocational expert because the ALJ had determined that the claimant had moderate difficulties in concentration, persistence, or pace ("CPP"), but none of the series of hypotheticals posed to the VE specifically noted this limitation, and there was nothing else in the record suggesting a tie between the restrictions in the RFC and the claimant's particular deficiencies in CPP.  *Id.* at 619.

Mr. DeBorde asserts that the limitations to a work environment that is "not highly competitive" and allows for a break every two hours cannot be squared with moderate difficulties with sustaining concentration, persistence, or pace from which the ALJ found he suffered.  He argues that because all jobs generally allow a break every two hours, the limitations in the RFC necessarily do not account for the manner in which Mr. DeBorde's mental impairment affects his difficulties with CPP.  This argument, however, ignores the ALJ's analysis of Mr. DeBorde's mental functioning and the evidence upon which the ALJ relied in deciding that he can perform jobs that permit him to take a break every two hours.  Significantly, Mr. DeBorde does not assail the ALJ's discussion and analysis of any of this evidence.

The non-exertional limitations in the RFC and the ALJ's hypothetical to the VE are grounded in a mental RFC assessment prepared by Joelle J. Larsen, Ph.D., which the ALJ discussed in detail.  (R. 17).  Dr. Larsen checked a box that Mr. DeBorde has moderate limitations in some CPP functions including the "ability to maintain attention and concentration for extended periods," and then provided

detailed support for that (and other) characterizations of Mr. DeBorde's mental functioning. (*See* R. 205-208). Dr. Larsen explained, among other things, that Mr. DeBorde (a) "appears to have the cognitive abilities and concentration to complete tasks," (b) "can make work related decisions, remember locations and remember work like procedures," (c) has ability as to pace that "appears to be [within normal limits]," (d) can "attend to a 2 hour task," and (e) is "capable of maintaining a schedule." (R. 207). She further noted that his mental impairments "might interfere with . . . complex task completion," but not with "the completion of other tasks in a setting that is not highly competitive." (R. 207). The ALJ cited these findings—which, again, Mr. DeBorde does not challenge—to support the RFC. (R. 17).

There is thus a logical connection in the ALJ's decision between his finding of difficulties with CPP and the work restrictions selected by the ALJ. *O'Connor-Spinner* does not require more. Under these circumstances, the court must find that substantial evidence supports the ALJ's determination that while Mr. DeBorde may have moderate difficulties with CPP (R. 14), he has the ability to work when there are breaks every two hours and so long as the environment is not highly competitive.

## Conclusion

The standard of review is narrow. The ALJ's decision is supported by relevant evidence that a reasonable person might accept as adequate to support his

7

conclusions.  Accordingly, the magistrate judge recommends that the court AFFIRM the Commissioner's decision.

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72.

Any objections to this report and recommendation must be filed with the court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service.  Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

Counsel should not anticipate extensions of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: 08/22/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution by U.S. Mail to:

J. Frank Hanley , II
4279 Lafayette Rd
Indianapolis, IN 46254-2409
Email: lauras@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
Email: tom.kieper@usdoj.gov